UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BRIAN THOMPSON, et al                                            PLAINTIFFS

VERSUS                            CIVIL ACTION NO. 1:01CV111-LG-RHW

INGALLS SHIPBUILDING, et al                                DEFENDANTS

### **ORDER DENYING MOTION TO STAY AND GRANTING MOTION TO COMPEL**

      Before the Court are two inter-related motions:  Defendants' [225] Motion to Strike or to Compel and for Attorneys' Fees and Plaintiffs' [258] Motion to Stay the Court's Order of June 10, 2005.

      On June 10, 2005, the Court entered an [202] Order compelling Plaintiffs to give more detailed responses to Defendants' discovery requests.  One of the objections raised by Plaintiffs related to their assertion of First Amendment associational privacy rights.  Plaintiffs argued that some of the discovery responses would reveal names of individuals who belong to the Ingalls Workers for Justice (IWFJ), and that compelling discovery would have a chilling effect on the associational rights of the employees at Northrup Grumman.  In response to Plaintiffs' concerns, the Court ordered the redaction of the names of any individuals who were not parties to this lawsuit that might be mentioned in conjunction with the IWFJ discovery.  There is also a Protective Order in place.

      The Plaintiffs requested a review of the undersigned's June 10, 2005 Order compelling discovery.  By [219] Order dated July 15, 2005, The United States District Court Judge Louis Guirola, Jr., overruled Plaintiffs' objections.  Plaintiffs then filed a Petition for Writ of

Mandamus in the United States Court of Appeals, Fifth Circuit. Out of an abundance of caution, the Court entered a stay of the June 10, 2005 Order pending resolution of the petition in the Fifth Circuit. In a one-sentence opinion, the Fifth Circuit denied Plaintiffs' Petition for Writ of Mandamus. Plaintiffs have now filed a motion to continue the stay pending resolution of a petition for writ of certiorari with the United States Supreme Court that they intend to file.

Plaintiffs argue that their petition with the Supreme Court has a likelihood of success on the merits. Plaintiffs also continue to assert that the discovery requests will have a chilling effect for the IWFJ and its members. Defendants counter that depositions of the individual Plaintiffs are ongoing and that the requested discovery is essential for conducting those depositions; therefore, the stay should not be renewed.

In general, a court, in deciding whether to issue a stay pending appeal, must consider: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest. *O'Bryan v. McKaskle*, 729 F.2d 991, 993 (5th Cir. 1984) (citing *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982)). The movant need not always show a probability of success on the merits, but must present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay. *Id.* The burden is on the moving party to demonstrate that a stay is warranted. *Ruiz*, 666 F.2d at 856.

Plaintiffs have failed to carry their burden of demonstrating that the Court should enter a stay. Plaintiffs have provided nothing specific, either in terms of evidence or case law, to

demonstrate a likelihood of success on the merits.  The case law cited in Plaintiffs' memorandum is not applicable to the facts of this case.  None of the limitations on the right of association discussed in those cases, such as criminalizing membership in a particular group or limiting the actions of individuals based on membership in a particular group, appears to fit the facts of this case.  *See DeJonge v. Oregon*, 299 U.S. 353, 364 (1937); *Aptheker v. Sect'y of State*, 378 U.S. 500, 507 (1964); *Brotherhood of Railroad Trainmen v. Virginia Bar*, 377 U.S. 1, 8 (1964).  Nor will the discovery request reveal the membership lists of the IWFJ as was the case in *NAACP v. Alabama*, 357 U.S. 449, 466 (1958).  The Fifth Circuit already has denied Plaintiffs' mandamus regarding the discovery dispute, and there is nothing to indicate that the Supreme Court would take up the issue on appeal, let alone grant the relief requested.  Nor have Plaintiffs made a showing of irreparable injury if the stay is not entered.  The First Amendment concerns raised by the Plaintiffs are protected adequately by the redaction of names from documents and the Protective Order.  Other than the Plaintiffs in this lawsuit, who already have admitted to membership in the IWFJ, Plaintiffs are under no obligation to reveal the names of any other members belonging to the group.  Based on these findings, the Court concludes that a stay pending appeal is not warranted.

     IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' [258] Motion to Stay is DENIED.

     IT IS FURTHER ORDERED that Defendants' [225] Motion to Compel is GRANTED, and that Plaintiffs shall respond to the outstanding discovery requests and supplement any discovery requests as soon as is reasonably possible, but not later than 30 days from the date of this Order.  Plaintiffs are directed to provide specific factual allegations for the claims in their

complaint and are cautioned that failure to do so could result in claims or Plaintiffs being dismissed from the lawsuit.  Defendants' request for attorneys' fees is DENIED.

SO ORDERED, this the 22nd day of February, 2006.

s/ <i>Robert H. Walker</i><br>UNITED STATES MAGISTRATE JUDGE